**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 1 2008 ★

**BROOKLYN OFFICE**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 SPRING STREET, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
CLERK OF COURT

DOCKETING SECTION
404-215-1655

June 22, 2009

Clerk of Court
United States District Court
Eastern District of New York
118S Theodore Roosevelt
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re:     USA v TIMOTHY CAMPBELL
        NDGA Case No. 1:09-mj-750
        Your Case Number: 09-cr-219 (ILG)

Dear Clerk:

Rule 5(c)(3) proceedings were held in this district on June 18, 2009. Please find enclosed our original documents of said proceedings, Bond, and docket sheet.

Please acknowledge receipt on the enclosed copy of this letter. If this office can be of any further assistance, please contact the undersigned deputy clerk at (404) 215-1655.

Sincerely,

James N. Hatten
Clerk of Court

By:   s/ Ashley Knight
      Deputy Clerk

Enclosure

AO 199A (Rev. 3/87) Order Setting Conditions of Release

Page 1 of _____ Pages

# United States District Court

__Northern__ DISTRICT OF __CA__

JUN 18 2009

UNITED STATES OF AMERICA

v.

__Timothy Campbell__
Defendant

## ORDER SETTING CONDITIONS
## OF RELEASE

Case Number: 1:09 - mj - 750

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified)_____

_____ Place

_____ on _____

Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ✓ ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of __Ten Thousand__ dollars ($ 10,000 )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

WHITE COPY · COURT        YELLOW · DEFENDANT        BLUE · U.S. ATTORNEY        PINK · U.S. MARSHAL        GREEN · PRETRIAL SERVICES

AO 199B    (Rev. 5/99)  Additional Conditions of Release    Case 1:09-cr-00219-JEC   Document 12   Filed 07/01/09   Page 3 of 13 PageID #: 39

Page  2   of  3

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(   ) (6)  The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____    _____
                       Custodian or Proxy                                    Date

( X ) (7)  The defendant shall:

( X ) (a)  report to the  U. S. PRETRIAL SERVICES
telephone number  404-215-1950 _____ , not later than _Immediately_

( L ) (b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: $10,000

(   ) (c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

(   ) (d)  execute a bail bond with solvent sureties in the amount of $ _____

( X ) (e)  maintain or actively seek employment.

(   ) (f)  maintain or commence an education program.

( L ) (g)  surrender any passport to: _Pretrial_

( X ) (h)  obtain no passport.

( X ) (i)  abide by the following restrictions on personal association, place of abode, or travel:
reside at the residence below and DO NOT change without permission from the Court

(   ) (j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

(   ) (k)  undergo medical or psychiatric treatment and/or remain in an institution as follows:

(   ) (l)  return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

(   ) (m)  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( X ) (n)  refrain from possessing a firearm, destructive device, or other dangerous weapons.

( X ) (o)  refrain from  (   ) any  ( ✓ ) excessive use of alcohol.

(   ) (p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(   ) (q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(   ) (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(   ) (s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(   ) (t)  participate in one of the following home confinement program components and abide by all the requirements of the program which  (   ) will or
(   ) will not include electronic monitoring or other location verification system.  You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

(   ) (i)  Curfew.  You are restricted to your residence every day  (   ) from _____ to _____ , or  (   ) as directed by the pretrial services office or supervising officer; or

(   ) (ii)  Home Detention.  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

(   ) (iii)  Home Incarceration.  You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(   ) (u)  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( X ) (v)  My release is to be supervised by the U. S. Pretrial Services Officer and I shall follow the instructions of my supervising officer. Any proposed travel outside the Northern District of Georgia shall be approved BEFORE leaving the district.

( L ) (w)  _Restricted travel to New York with prior approval_

(   ) (x)  _for any other travel_

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

AO 199C   (Rev. 12/03)   Advice of Penalties . . .

Page ___3___ of ___3___ Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____
Signature of Defendant

3384 CLEARVIEW DRIVE
Address

MARIETTA   GA 30060   770 405 8303
City and State                         Telephone

## Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: _____6/18/09_____

_____
Signature of Judicial Officer

RUSSELL G. VINEYARD, U. S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

AO 98A    (12/03) Includes violations of Conditions of Release as well as nonappearance and failure to surrender.

# UNITED STATES DISTRICT COURT

_____NORTHERN_____ District of _____GEORGIA_____

**FILED IN CHAMBERS**
U.S.D.C. Atlanta

UNITED STATES OF AMERICA

V.

JUN 18 2009

**Timothy Campbell**
Defendant

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**APPEARANCE AND COMPLIANCE BOND**

Case Number: 1: 09-mj-750

(Non-surety) I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of

$ 10,000 _____ , and there has been deposited in the Registry of the Court the sum of

$ _____ in cash or _____ (describe other security.)

The conditions of this bond are that the defendant, _____Timothy Campbell_____
(Name)

is to (1) appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred; (2) comply with all conditions of release imposed by the court, and (3) abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _____6/18/09_____ at _75 Spring Street, S. W. Atlanta, GA 30303_
                              Date                                              Place

Defendant _____    Address _3284 CLEARVIEW DR MARIETTA GA 30060_

Surety _____    Address _____

Surety _____    Address _____

Signed and acknowledged before me _____
                                                          Date

Approved _Russell G. Vineyard_    _____
              Judge Officer                                Judge/Clerk

2

AO 466 (1/86) Waiver of Rule 40 Hearings

**FILED IN CHAMBERS**
**U.S.D.C. Atlanta**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

JUN 1 8 2009

JAMES N. HATTEN, Clerk

By: _____

Deputy Clerk

UNITED STATES OF AMERICA,

vs.

TIMOTHY CAMPBELL

**WAIVER OF RULE 40 HEARINGS**

**(EXCLUDING PROBATION CASES)**

CASE NO.: 1:09-MJ-750

I, TIMOTHY CAMPBELL, understand that in the EASTERN DISTRICT OF NEW YORK ,

charges are pending alleging violation of 18:371, 3551, and that I have been arrested in this

District and taken before a United States Magistrate Judge, who informed me of the charge(s)

and of my right to:

(1) retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2) request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3) an identity hearing to determine if I am the person named in the charge, and
(4) a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☒ identity hearing
☐ preliminary examination
☐ identity hearing and have been informed I have no right to a preliminary examination
☐ identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

Dated in Atlanta, Georgia this 18TH day of JUNE, 2009.

_____
DEFENDANT

_____
DEFENSE COUNSEL

2

MAGISTRATE'S CRIMINAL MINUTES
REMOVALS (RULE 40)

FILED IN OPEN COURT
DATE: 6/18/09 @ 11:39
TAPE: FTR @
TIME: _____ Hrs. 18 Mins.

MAGISTRATE JUDGE RUSSELL G. VINEYARD PRESIDING

P.M. WALKER DEPUTY CLERK Timothy Campbell

CASE NUMBER 1:09-mj-750
AUSA Hall
USPO _____

DEFENDANT'S NAME Timothy Campbell
DEFENDANT'S ATTY Paul Kish
Type Counsel (circle) (Retained) CJA FDP

_____ Initial appearance hearing held.
___✓__ Defendant informed of rights.
_____ ORDER appointing Federal Defender Program attorney for defendant.
_____ ORDER appointing _____ attorney for defendant.
_____ ORDER defendant shall pay attorney's fees as follows: _____
_____
___✓__ Defendant WAIVES removal hearing (as to IDENTITY only). WAIVER FILED.
_____ Defendant WAIVES preliminary hearing (___ In this district only). WAIVER FILED.
_____ Removal hearing set/reset/cont to _____ @ _____.
_____ Removal hearing HELD.
_____ Order finding Probable Cause. Defendant held to District Court for removal to
other district.
_____ Order defendant identified as named defendant in indictment/complaint. Defendant
held to be removed to other district.
_____ Order defendant removed to other district. Commitment issued _____
_____ Miscellaneous: _____

## BOND/PRETRIAL DETENTION HEARING

_____ Government Motion for DETENTION filed.
___✓__ Bond/Pretrial DETENTION hearing held.
_____ Pretrial detention hearing set for _____. (___ In charging district)
_____ (___VERBAL) Motion to reduce bond GRANTED.
_____ (___VERBAL) Motion to reduce bond DENIED.
_____ Pretrial DETENTION ORDERED. (Written order to follow _____).
___✓__ BOND SET at $ 10,000.00 _____.
        ___✓__ NON-SURETY
        _____ SURETY/CASH: _____ Property Acceptable: _____ Corporate Surety Only
        _____ Combination: _____
_____ SPECIAL CONDITIONS: _____
_____
_____
_____

___✓__ BOND FILED. Defendant RELEASED.
_____ BOND NOT EXECUTED. DEFENDANT TO REMAIN IN MARSHAL'S CUSTODY.

WC:EW
F. #2009R00713

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DANIEL FAILE,
    also known as "towns"
    and "townsmen,"
DMITRY KICHATOV,
    also known as "sj,"
    "dantes" and "spam,"
DANIEL KIM,
    also known as "kyudo," and
TIMOTHY CAMPBELL,
    also known as "god,"

              Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **09 - 0219**
(T. 18, U.S.C., §§ 371,
981(a)(1)(C) and 3551 et
seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT

1.    On or about and between June 1, 2001 and April 21,
2004, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants DANIEL
FAILE, also known as "towns" and "townsmen," DMITRI KICHATOV,
also known as "sj," "dantes" and "spam," DANIEL KIM, also known
as "kyudo," and TIMOTHY CAMPBELL, also known as "god," together
with others, did knowingly and intentionally conspire to
willfully infringe a copyright for purposes of commercial
advantage and private financial gain and by the reproduction and
distribution, including by electronic means, during a 180-day

2

period of at least ten copies of one or more copyrighted works having a total retail value of more than $2,500, in violation of Title 17, United States Code, Section 506(a)(1) and Title 18, United States Code, Sections 2319(b)(1) and 2319(c)(1).

2. In furtherance of the conspiracy and to effect the objectives thereof, within the Eastern District of New York and elsewhere, the defendants DANIEL FAILE, also known as "towns" and "townsmen," DMITRI KICHATOV, also known as "sj," "dantes" and "spam," DANIEL KIM, also known as "kyudo," and TIMOTHY CAMPBELL, also known as "god," together with others, committed and caused the commission of, among others, the following:

OVERT ACTS

a. In or about May 2003, a co-conspirator known to the Grand Jury constructed a File Transfer Protocol ("FTP") server called "DOH" in Flushing, New York.

b. On or about March 2, 2004, DANIEL FAILE uploaded computer files bearing the title "Microsoft.Windows.XP.64.Bit.SP1.Integrated.For.64.Bit.extE. Systems-TBE," the name of a copyrighted software program, to the FTP server DOH.

c. On or about March 12, 2004, DMITRI KICHATOV downloaded computer files bearing the title "MVP.Baseball.2004.CD2.Clone-Cyclone," the name of a copyrighted computer game, from the FTP server DOH.

3

d.   On or about March 21, 2004, DANIEL KIM downloaded computer files bearing the title "Kill.Bill.Volume1.DVDR-Replica," the name of a copyrighted movie, from the FTP server DOH.

e.   On or about March 21, 2004, TIMOTHY CAMPBELL downloaded computer files bearing the title "Lords_Of_The_Realm_III-Razor1911," the name of a copyrighted computer game, from the FTP server DOH.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

3.   The United States hereby gives notice to the defendants that, upon conviction of the offense charged, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

4.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

4

       b.   has been transferred or sold to, or deposited with, a third party;

       c.   has been placed beyond the jurisdiction of the court;

       d.   has been substantially diminished in value; or

       e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

       (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CRIMINAL DOCKET FOR CASE #: 1:09-mj-00750-RGV All Defendants
### Internal Use Only

Case title: USA v. Campbell
Other court case number: 09-cr-219 USDC Eastern District of
New York

Date Filed: 06/18/2009
Date Terminated: 06/18/2009

Assigned to: Magistrate Judge Russell G. Vineyard

**Defendant (1)**

**Timothy Campbell**
*TERMINATED: 06/18/2009*
*also known as*
god
*TERMINATED: 06/18/2009*

represented by **Timothy Campbell**
3284 Clearview Drive
Marietta, GA 30060
PRO SE

**Paul Stephen Kish**
Kish & Lietz. P.C.
225 Peachtree Street, N.E.
1700 South Tower
Atlanta , GA 30303
404-588-3991
Fax: 404-588-3995
Email: pkish@kishandlietz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

ATTEST: A TRUE COPY
CERTIFIED THIS

JUN 22 2009

**Terminated Counts**

None

**Disposition**

James N. Hatten, Clerk
By:
Deputy Clerk

## Highest Offense Level (Terminated)

None

| | |
|---|---|
| **Complaints** | **Disposition** |

18:371.F and 3551 et seg.
CONSPIRACY TO DEFRAUD THE
UNITED STATES

**Plaintiff**

USA                                            represented by   **Jamila Marjani Hall**
U.S. Attorney's Office - ATL
600 Richard Russell Building
75 Spring Street, S.W.
Atlanta , GA 30303
404-581-6000
Fax: 404-581-6181
Email: jamila.hall@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2009 | | Arrest (Rule 40) of Timothy Campbell (ank) (Entered: 06/22/2009) |
| 06/18/2009 | 1 | Minute Entry for proceedings held before Magistrate Judge Russell G. Vineyard as to Timothy Campbell: Initial Appearance in Rule 5(c)(3) Proceedings held on 6/18/2009. Defendant waives Removal (as to Identity Only) Hearing. Waiver filed. Bond Hearing, Non-Surety Bond set at $10,000.00. (Attachments: # 1 Indictment) (Tape #FTR) (ank) (Entered: 06/22/2009) |
| 06/18/2009 | 2 | WAIVER of Rule 40 Hearings by Timothy Campbell. (ank) (Entered: 06/22/2009) |
| 06/18/2009 | 3 | Non-Surety Bond on Rule 5(c)(3) Entered as to Timothy Campbell in amount of $ 10,000.00. (ank) (Entered: 06/22/2009) |
| 06/18/2009 | 4 | ORDER Setting Conditions of Release as to Timothy Campbell. Signed by Magistrate Judge Russell G. Vineyard on 6/18/2009. (ank) (Entered: 06/22/2009) |
| 06/18/2009 | | Magistrate Case Closed. Defendant Timothy Campbell terminated. (ank) (Entered: 06/22/2009) |
| 06/22/2009 | 5 | Transmittal of Rule 5(c)(3) Documents as to Timothy Campbell, sent to USDC EDNY via certified mail, rrr. Original case file with Bond and docket sheet. (ank) (Entered: 06/22/2009) |